

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2003

# Walker v. DC Comics

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Walker v. DC Comics" (2003). *2003 Decisions.* Paper 450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-3058
_____

MARCEL WALKER,

*Appellant*

v.

DC COMICS, INC.,  a New York For Profit Corporation

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 01-cv-01758)
District Judge: Honorable Robert J. Cindrich
_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2003

Before: SCIRICA, *Chief Judge*, NYGAARD and BECKER,
*Circuit Judges*

(Filed June 18, 2003 )
_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by Marcel Walker from the grant by the District Court of

summary judgment in favor of defendant DC Comics.  We affirm.

Walker had composed a one-page "springboard" or story idea for DC Comic's "Elseworlds" series of comic books. The "Elseworlds" series places familiar DC heroes, such as Superman, in unfamiliar settings or plot sequences. Walker's "springboard," entitled, "Superman: The Last Son of Earth," reversed the traditional sequence of the Superman story and had Superman born on Earth but then sent to Krypton. Three years after Walker sent his "springboard" to DC, DC published a two-part "Elseworlds" comic book series, entitled, "Superman: Last Son of Earth." Although the DC comic books shared the same title and general plot idea (Superman born on Earth and sent to Krypton), the details and thrust of the stories were substantially different. Importantly, Walker attached an exhibit showing how his "storyboard" was derived from what he called the "established character history" and how DC's version copied Walker's transformations of DC's traditional plot sequence for Superman.

DC contends that Walker's "springboard" is an unauthorized derivative work of DC's copyrighted Superman character and thus cannot be protected by copyright law. We agree. One of the two essentials in a copyright infringement case is ownership of a copyright (the other is copying of the copyright). *Dam Things from Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002). The Copyright Act defines a derivative work as "based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or *any other form in which a work*

2

*may be recast, transformed, or adapted*." 17 U.S.C. § 101 (emphasis added).

Walker does not dispute the District Court's conclusion that his "springboard" is a derivative work. Rather, he makes two arguments for why he is entitled to some form of copyright protection: first, that DC granted him permission to use its copyright or that his "springboard" was a "fair use"; and second, that he is entitled to copyright protection for whatever original elements he contributed to the derivative work.

With respect to the first argument, Walker presents what he calls DC's Submission Guidelines from 1998. Leaving aside the forceful argument that this is irrelevant because Walker sent his work to DC in 1997 and that he failed to raise the consent argument in the Complaint, there is nothing in the 1998 Guidelines that purports to grant Walker a license to use DC's Superman copyright. The 1998 Guidelines apply only to "unsolicited submissions" and states that "[many] of our editors (such as the SUPERMAN and BATMAN editors) are unwilling to read unsolicited submissions for their titles." While there is room to read into the 1998 Guidelines the possibility that DC might read a Superman "storyboard," it is not possible to interpret them as granting a license to create derivative works or authorization to use DC's copyright-protected material.

Further, Walker claims in his brief that the 1998 Guidelines "effectively granted" him "permission to make Fair Use of [DC's] characters for purpose of submission." Walker appears to be mixing up the term of art "fair use" with the concepts of license and authorization discussed above. At all events, the "fair use" doctrine is inapposite to this

case. The Copyright Act provides that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107; *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (holding that "parody, like other comment or criticism, may claim fair use under § 107"). Walker does not and cannot allege that his submission of the "storyboard" to DC falls under any of these purposes.

Walker's second argument – that he has copyright protection over whatever original elements he added to the Superman copyright in his "storyboard" – is foreclosed by our decision in *Dam Things*. In that case we explained that "[a]n author's right to protection of the derivative work only extends to the elements that he has added to the work; he cannot receive protection for the underlying work." 290 F.3d at 563. However, "if the underlying work is itself protected by copyright, *then he will receive no protection at all*; on the contrary, he is a copyright infringer, because in order to create his work he has copied the underlying work." *Id.* (emphasis added). Thus, because Walker copied DC's copyright in his "springboard" without authorization, he is not entitled to any protection for his derivative work.

The judgment of the District Court will be affirmed.


TO THE CLERK:

4

Kindly file the foregoing opinion.



 /s/ Edward R. Becker
Circuit Judge


5

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-3058
_____

MARCEL WALKER,

*Appellant*

v.

DC COMICS, INC., a New York For Profit Corporation

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 99-cr-00089-2)
District Judge: Honorable Robert J. Cindrich
_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2003

Before: SCIRICA, *Chief Judge*, NYGAARD and BECKER,
*Circuit Judges*

_____

JUDGMENT
_____

This cause came on to be heard on the record from the United States District Court

for the Western District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on May 19, 2003.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the judgment of the said District Court entered July 11, 2002 be, and the same is hereby affirmed. All of the above in accordance with the opinion of this Court. Costs taxed against appellant.

ATTEST:


Clerk

Dated:

7